09-1210-cr
United States v. Lewis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand eleven.

PRESENT:
>           AMALYA L. KEARSE,
>           ROSEMARY S. POOLER,
>           GERARD E. LYNCH,
>                   *Circuit Judges.*

_____

United States of America,

>           *Appellee*,

>                   v.                                    09-1210-cr

Germaine Lewis,

>           *Defendant-Appellant*.

_____

| | |
|---|---|
| FOR APPELLANT: | Germaine Lewis, *pro se*, New York, NY. |
| FOR APPELLEE: | Celia A. Cohen, Assistant United States Attorney, *of counsel*, Loretta E. Lynch, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, United States Attorneys' Office, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Germaine Lewis, proceeding *pro se* on appeal, appeals the district court's judgment of conviction, following a jury trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review claimed errors that were not objected to during a criminal trial for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 734 (1993). To show plain error, a defendant must demonstrate that: "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, . . . '; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (alteration in original) (quoting *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009)).

Appellant's first argument goes to the sufficiency of the evidence against her. She submits that purported inconsistencies between statements that Special Agent David Lum made while investigating the crime, and subsequent trial testimony, call into question his reliability as a witness. It was, however, for the jury to decide whether Lum testified credibly, *see United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003), and defense counsel had ample opportunity to cross examine Lum at trial. After listening to Lum's testimony and assessing its reliability, the jury was free to reject Appellant's argument as to Lum's reliability and to conclude that Lum's testimony was not inconsistent with his prior statements or even that he was

believable despite any alleged inconsistency. Appellant therefore failed to carry her "heavy burden," *id.* (internal quotation marks omitted), of establishing that the evidence against her was insufficient.

Nor was it plain error for the district court to decline to hold a hearing after the *de minimis* contact between a juror, the Assistant United States Attorney, and Agent Gorra. In fact, when defense counsel was advised of the contact, which amounted to no more than a request for directions, defense counsel stated in open court that he had "[n]o objection, obviously," to continuing the trial without a hearing. In any event, such trivial contact could not have affected the outcome of the case. *See, e.g.*, *Olano*, 507 U.S. at 737-38 (finding that, absent a prejudicial impact, plain error does not occur every time a juror has been placed in a potentially compromising situation).

Finally, Appellant submits that, because the district court's *in limine* ruling precluded reference to Appellant's homelessness, the government should not have been permitted to mention Appellant's former street address. This argument is without merit. References to Appellant's former address, the admission of which Appellant's attorney agreed to, did not constitute plain error, because such references were relevant and not prejudicial. Relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, and the district court's rulings regarding the admission of evidence are entitled to considerable deference. *See* Fed. R. Evid. 403; *Costantino v. Herzog*, 203 F.3d 164, 173-74 (2d Cir. 2000). Here, the house address was material because, *inter alia*, it was the house where Appellant and her mother committed the charged crimes and it was the address given on two of the fraudulent tax returns and used in the corresponding records of the bank in which

3

fraudulently obtained moneys were deposited.  Nonetheless, the district court took precautionary measures to ensure that Appellant and her mother were not unnecessarily prejudiced by evidence regarding their previous residence, as demonstrated by its ruling that the Government could not enter into evidence photographs of the house.  It is therefore extremely unlikely that Appellant was unfairly prejudiced by the limited references to her street address.  As such, it cannot be said that these brief references affected Appellant's "substantial rights."  *See Marcus*, 130 S. Ct. at 2164.

We have considered Appellant's arguments, and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4